IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v. Case No. 14-mj-108

PATRICK KEENAN, and
JAIMIE PANKOW,

Defendants.

---

COMPLAINT FOR VIOLATION OF TITLE 21,
UNITED STATES CODE, SECTION 841(a)(1)

---

BEFORE United States Magistrate Judge
Stephen L. Crocker

United States District Court
120 North Henry Street
Madison, Wisconsin 53703

The undersigned complainant being duly sworn states:

On or about February 28, 2016, in the Western District of Wisconsin, the defendants,

PATRICK KEENAN, and
JAIMIE PANKOW,

knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1)).

This complaint is based on the attached affidavit of Sergeant Investigator Chad Collinsworth.

Chad Collinsworth
Sergeant Investigator
Lincoln County Sheriff's Office

Sworn to before me this 29th day of February, 2016

HONORABLE STEPHEN L. CROCKER
United States Magistrate Judge

AFFIDAVIT

STATE OF WISCONSIN)
) ss.
DANE COUNTY )

Chad Collinsworth, being first duly sworn on oath, deposes and states as follows:

1. I am a Sergeant Investigator with the Lincoln County Sheriff's Department ("LCSO"). I have been employed with the LCSO for approximately nine years. I have received special training in the enforcement of controlled substance laws and have conducted numerous narcotics investigations. My experience as a narcotics investigator includes: conducting surveillance, interviewing witnesses, working with confidential informants and undercover officers, writing affidavits for search warrants and executing search warrants, and interviewing drug dealers and drug users. I have also received special training in the identification and field testing of controlled substances. I am familiar with the ways that drug dealers package and prepare controlled substances for sale, and how they conduct their drug trafficking business, including but not limited to: methods of importing drugs, methods of distribution, use of phones, texting, and emails to communicate with sources and customers, and use of code words.

2. The facts in this affidavit come from my training and experience, and information obtained from other agents and officers involved in this case, including DCI Special Agent Jeremy Buss, who is the lead case agent on this investigation. I have reviewed with SA Buss the case evidence compiled by SA Buss and other law

enforcement officers as part of this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not set forth all of the evidence compiled in this case, or all of my knowledge about this matter.

3. On February 28, 2016, at approximately 3:53 p.m., Marathon County Sheriff's Deputy Cody Hornik was on patrol in a marked squad car traveling eastbound on State Highway 29. Deputy Hornik observed a silver Jeep with Wisconsin tags 349-YAE, traveling eastbound on State Highway 29. The Jeep had an opaque white and black Limited sign in the rear window which obstructed the view. While following the vehicle, Deputy Hornik paced the vehicle's speed and observed a speed of 71 miles per hour near County Highway S. The posted speed limit is 65 mph.

4. Deputy Hornik initiated a traffic stop on the State Highway 29 off-ramp to State Highway 107. Wausau Police Department K-9 Office Dale Zander was in the area and arrived on scene to assist in the traffic stop. Deputy Hornik made contact with the driver who was identified as Patrick Keenan. Deputy Hornik also made contact with a female passenger in the vehicle. She indicated she did not have any photo ID and identified herself as Amanda L. Lavaque. Deputy Hornik returned to his squad car to run a records search through dispatch. The vehicle came back registered to a Mary Jane Friday. Dispatch sent a photograph of Amanda Lavaque from the MCSO in-house records system. The photograph did not match with the passenger identifying herself as Amanda Lavaque.

5. While Deputy Hornik conducted his traffic investigation, Officer Zander walked his K-9 around the vehicle. The K-9 indicated the odor of illegal drugs coming from the vehicle's rear passenger door area. The female passenger was asked to exit the vehicle.

6. Deputy Hornik explained to the female passenger that she did not match the photo for Amanda Lavaque. At that point, the female passenger identified herself as Jaimie Pankow. She admitted that she gave a false identity because she had warrants out for her arrest. At that time she was arrested, handcuffed, and placed into Deputy Hornik's squad. Dispatch informed Deputy Hornik that Pankow had five warrants out of Lincoln County for her arrest, and one warrant out of Sauk Count for her arrest.

7. Deputy Hornik had Keenan exit the vehicle. He asked Keenan if there was any reason why the K-9 would have alerted on the car. Keenan indicated that he did not have any contraband. Deputy Hornik began a search of the driver's side of the vehicle. In the rear seat on the driver's side, Hornik observed a green backpack. In the main compartment of the backpack, Deputy Hornik found a clear plastic Ziploc bag. The bag was filled with a cloudy white crystal-like substance which Deputy Hornik suspected to be methamphetamine.

8. MCSO Deputy D'Acquisto arrived on scene to assist in the search of the vehicle. Deputy D'Acquisto searched the passenger side of the vehicle. In the rear passenger side compartment, Deputy D'Acquisto found two large Ziploc bags of a green leafy substance suspected to be marijuana He also found a plastic personal

portfolio containing a notebook and approximately $8,500 in $100 bills. The notebook appears to contain a drug ledger detailing: nicknames, drug terms, numerical amounts, and phone numbers.

9. During the vehicle search, officers found six electronic devices. On Keenan's person was a LG model N820 smart phone. In the vehicle center console was a Samsung Galaxy S6 smart phone. Also found in the vehicle was an iPod Touch model MC086LL and an iPad model A1395. Found in Pankow's purse was a Samsung Model SM-G530 AUD smart phone and a Samsung Galaxy Note 8.0 tablet.

10. The evidence collected on scene was turned over to special investigations unit Detectives Lisa Rennie and Nathan Porath. The detectives weighed the two Ziploc bags containing the green leafy substance. The first bag weighed 450.28 grams. The second bag weighed 463.09 grams. Detective Rennie tested the suspected marijuana using a Duquenois-Levine Reagent Test and the results were positive for the samples from both bags for the presence of THC. Detective Porath weighed the Ziploc bag containing the milky white crystal-like substance. The bag weighed 470.40 grams. Detective Porath tested the suspected methamphetamine using a Methamphetamine/MDMA Reagent Test and the results were positive for the presence of methamphetamine.

11. Keenan is a convicted felon. He was convicted of unlawful possession of a firearm by a felon on January 30, 2013, in Marathon County Case Number 2012CF737.

12. Keenan is currently out on a $4,000 signature bond in Marathon County

Case Number 2015CF238. In that case, Keenan is charged with party to a crime of delivery of methamphetamine on May 22, 2015, and May 26, 2015.

13. One of Pankow's outstanding arrest warrants is from Marathon County Case Number 2015CF239. In that case, Pankow was charged with delivery of methamphetamine on May 22, 2015, and May 26, 2015. These charges stem from two controlled buys of methamphetamine from Pankow by a Merrill Police Department CI on the dates charged above. Keenan was present in Pankow's car for both buys.

14. Based upon my training and experience as a narcotics investigator, the amount of methamphetamine and marijuana found in the vehicle are consistent with amounts intended for distribution.

Dated this 29TH day of February, 2016.

Sergeant/Investigator Chad Collinsworth
Lincoln County Sheriff's Office

Sworn to before me on: 2-29-16

STEPHEN L .CROCKER
United States Magistrate Judge